[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10997

_____

D. C. Docket No. 06-00237-CR-ORL-31-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

WILLIAM IREY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT, and HILL, Circuit Judges.

EDMONDSON, Chief Circuit Judge:

This appeal is about the discretion of a district court to impose a particular sentence. William Irey ("Defendant") -- age 50 at sentencing -- pleaded guilty to using minors to engage in sexually explicit conduct outside the United States for the purpose of producing visual depictions of such conduct and transporting those images to the United States. Believing that the sentence imposed on Defendant is too lenient, the government appeals Defendant's sentence of 210 months' imprisonment plus a life term of supervised release involving many different restrictions on his liberties. We affirm the sentence.

BACKGROUND

Defendant pleaded guilty to violating 18 U.S.C. § 2251(c). Defendant's guilty plea followed his arrest and indictment as the result of a nationwide investigation by the Bureau of Immigration and Customs Enforcement ("ICE"). ICE intercepted an online message Defendant posted in which he offered to trade pornographic pictures for a subscription to a pornographic website. ICE later searched Defendant's residence and discovered images of Defendant participating in sex acts with children between the ages of 4 and 16 years old. Further

2

investigation revealed that Defendant had repeatedly traveled to Cambodia to engage in sex tourism, and that during these trips, he had videotaped and photographed himself engaging in sex acts with minors. The photographs depicted different graphic sex acts, and some included torture. The crime is an ugly one; the sentencing judge described the conduct as "horrific."

The Presentence Investigation Report ("PSI") assigned Defendant an offense level of 43 with a criminal history category of I (no prior convictions); the guidelines imprisonment range is life. But because the maximum term provided by the statute is 360 months, the guidelines sentence is 360 months' imprisonment. U.S.S.G. § 5G1.1(a); 18 U.S.C. § 2251(e).

At sentencing, the district court adopted the PSI; and Defendant presented evidence. The court heard the testimony of Dr. Ted Shaw, who had earlier submitted a "Psychosexual Evaluation Report" on Defendant. Dr. Shaw testified that Defendant had a long-standing sexual obsession and was also suffering from either depression or an adjustment disorder with depression features. Dr. Shaw also testified that Defendant had accepted responsibility for his acts, was treatable, and could be successful in supervised release after treatment: Dr. Shaw stated that Defendant had a "medium low to medium" risk of recidivism. Members of Defendant's family also testified that Defendant was a wonderful husband, father,

3

and person, that he had embraced treatment and had been acting as a peer mentor of other patients through Alcoholics and Narcotics Anonymous, and that they would remain supportive of him. The court noted Defendant's age.

The district court acknowledged the Sentencing Guidelines, observed that they are important but advisory, and recognized that, after determining the guidelines sentence, the court looks at the 18 U.S.C. § 3553(a) factors to determine an appropriate sentence. The district court also observed that the statutory minimum sentence for Defendant's offense was 180 months and the statutory maximum and guidelines sentence was 360 months. The district court considered -- on the record -- the nature of the offense, Defendant's victims, Defendant's personal characteristics and history, the interest in deterrence, and other factors in coming to its decision. The district court then sentenced Defendant to 210 months' imprisonment plus a life term of supervised release, including mandatory participation in a mental health program specializing in sex offender treatment.

## DISCUSSION

Appellate judges are not authorized to substitute their personal views of what might be the best sentence for the sentence imposed by the district judge. <u>See</u>

United States v. Melvin, 187 F.3d 1316, 1323 (11th Cir. 1999) (citing Williams v. United States, 503 U.S. 193, 204 (1992)). Nor are we, on review, looking to see if the district court's ultimate sentence matches the one precise and correct answer per some algebraic formula. Under United States v. Booker, 543 U.S. 220 (2005), we review sentences for reasonableness in the light of the factors listed in section 3553(a).[*] Id. at 261-62. We look to see if the district court abused its discretion. See Gall v. United States, 128 S. Ct. 586, 591 (2007). The party challenging "the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. McBride, 511 F.3d 1293, 1297 (11th Cir. 2007) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)) (internal quotations omitted) (alteration in original). "Review for reasonableness is deferential." Id. (internal quotations omitted).

Sentencing post-Booker requires district courts to follow two steps: first, the district court must consult the Sentencing Guidelines and correctly calculate the guidelines sentence; and, second, the district court must consider the factors listed

---

[*]These factors are to be considered: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the most effective correctional treatment or medical care; (5) the nature and circumstances of the offense; (6) the history and characteristics of the defendant; (7) the Sentencing Guidelines range; and (8) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

in section 3553(a).  Talley, 431 F.3d at 786.  The district court need not discuss all of the factors in section 3553(a); and when the district court has stated that it has considered the defendant's arguments and the factors in section 3553(a), that statement is sufficient under Booker. Id.

The government does not urge that the district court committed a procedural error in this case.  The government concedes that the guidelines sentence was correctly calculated and that the sentence imposed was above the minimum sentence allowed by the statute.  In effect, the government contends that Defendant's sentence was substantively unreasonable: too lenient.

Defendant's sentence of 210 months' imprisonment (and a life term of supervised release) is 30 months above the statutory minimum for imprisonment: but the government argues that the departure from the guidelines sentence was not justified.  The government contends that the district court relied on the view that pedophilia is an illness and contends that the district court failed to meet its obligation under section 3553(a) to consider the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment for the offense, the need to afford adequate deterrence, and the need to protect the public from further crimes by the defendant.

"Although we accept that a sentence may be unreasonable even where the

6

district court followed the proper sentencing procedure, an appellate court should not simply substitute its judgment for that of the sentencing court." McBride, 511 F.3d at 1297 (citing United States v. Melvin, 187 F.3d 1316, 1323 (11th Cir. 1999)).  Even if we disagree with the weight the district court gave to some section 3553(a) factors, "we will only reverse a procedurally proper sentence if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1297-98 (quoting United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006)) (internal quotations omitted).

Our review of the sentencing transcript shows that the district judge took this sentencing seriously and proceeded thoughtfully: the sentence was reasoned.  The district judge correctly calculated the guidelines sentence and was aware of the statutory maximum and minimum sentences for the offense.  The district judge also stated that his consideration began with the guidelines and then incorporated the section 3553(a) factors.  About the specific factors the government claims that the district court did not adequately consider, we see that the district judge directly discussed them on the record.

We appreciate that some people may feel that no sentence would be too

7

harsh for this crime. But that is not the law. And courts never should see the imprisonment in this country of a person for 17-1/2 years as light punishment: although even longer terms of imprisonment can be lawfully imposed in cases, this many years is a substantial portion of a human life -- and no serious person should regard it as a trifle.

Furthermore, when the defendant is 50 at the time the sentence is imposed, the consequences must be seen as severe. Moreover, upon Defendant's release from imprisonment, he will not be free in the way that most Americans are free. He will be subject to rigorous conditions of supervised release by federal authorities. Given the terms of his sentence, never will Defendant be a truly free man again.

Sentencing is difficult work. The district judge faced Defendant and saw and heard what was presented at the sentencing hearing. The district judge, on the record, reasoned through the sentencing factors. The district judge then imposed on Defendant a sentence of imprisonment that is years beyond the minimum sentence that the pertinent criminal statute sets out as a minimum and, in addition, imposed a lifetime of supervised release.

If we were responsible for sentencing Defendant in the first instance, we might have imposed a different sentence: we clearly believe that sentences other

than the one actually imposed might also be reasonable. But we must respect the district court as the sentencer, and we accept that the sentence imposed by the district court is within the outside borders of reasonable sentences for this case. We cannot conclude that the sentencing judge abused his discretion. The government has not met its burden on appeal. The sentence must be affirmed.

AFFIRMED.

HILL, Circuit Judge, specially concurring:

I agree with what the district judge said at the sentencing hearing in this case, i.e., that sentencing is the most difficult job that a district judge has to perform. I agree with the panel majority in that we recognize that discretion is vested in the district judge and that is where it ought to be. I agree that our only review on appeal is for abuse of that discretion by the district judge.

I have studied this record and the sentencing transcript and the utterly gruesome details of the conduct involved here. I disagree with the conclusion by the district judge that there should have been a downward departure of any kind in this case.

I also disagree with the apparent weighty consideration that the sentencing judge gave to the notion that this defendant acted on account of some type of "sickness." The defendant acted deliberately, cunningly and with obvious delight. He ruined the lives of at least forty-three children (that we know of) and then published his triumphs on the internet for all the world to see, complete with scurrilous black marker writings tattooed on the nine-year-old girls' skin.

Had I been given the heavy responsibility of sentencing in this case, my only regret would be that in the halls of Congress, the occupants of that legislative branch place an upward limit on this defendant's confinement. I strongly disagree

10

with the district judge's sentencing in this heinous case, as he moves so far downward from the maximum upper sentencing limit that he nearly reaches the minimum limit.

I am persuaded that the sentencing in this case is not a proper one. However I am more dedicated to my strong belief that district judges "on the firing line" should have free rein to exercise sentencing discretion. Therefore, I am unwilling to say that the fact that I disagree with the sentence in this case is also sufficient grounds upon which to find abuse.

I reluctantly concur.