HILL, Circuit Judge,
concurring:
I concur in the opinion for the court and in the judgment reversing and remanding with instructions.
I do so in spite of the fact that I originally concurred in the now vacated panel opinion, United States v. Irey, 563 F.3d 1223(11th Cir.), vacated, 579 F.3d 1207 (11th Cir.2009).
I should explain.
That original concurrence was based entirely on my perception of the extent of discretion due the trial judge. The sentence was not the right one, in my opinion, but I stretched discretion to cover it. I tend, properly I think, to be reluctant to limit the discretion of a trial judge who is closer to a case than its record can bring me.
Since our panel opinion was vacated, I have persisted in putting one question to counsel and colleagues: “If this case does not demand the maximum sentence authorized by Congress for violation of 18 U.S.C. § 2251(c), what case would?” No one has persuaded me that any is likely to be encountered.
That case, more aggravated than this, remained elusive.
*1226 After oral argument and the court’s conference, I finally realized that I had been putting a question that has no answer because it is predicated upon the wrong assumption. It asks that this case be assumed not to demand the maximum sentence. But I now realize that the elusive maximum sentence case, which I sought, was right here before me.

This case is the case demanding the maximum sentence.

Therefore, the sentence imposed, remarkably reduced from what the Congress authorized, does abuse discretion. And if it does, then I would abdicate my duty should I vote to leave it intact.
So I vote to reverse.